# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * *
KRISTIN BURGER, parent of S.B., \*
a minor, \*
\*
        Petitioner, \*    No. 22-740V
\*    Special Master Christian J. Moran
\*
v. \*
\*    Filed: March 7, 2025
SECRETARY OF HEALTH \*
AND HUMAN SERVICES, \*
\*
        Respondent. \*
* * * * * * * * * * * * * * * * * * * * * * * *

Edward Kraus, Kraus Law Group, LLC, Chicago, IL, for petitioner;
Kimberly Shubert Davey, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

    Kristin Burger ("petitioner") alleged that a measles, mumps, and rubella ("MMR") vaccine that her child, S.B. received on July 19, 2019 caused him to suffer from nephrotic syndrome. On March 6, 2025, petitioner moved for a decision dismissing her petition.

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

I. **Procedural History**

Petitioner filed a petition for compensation on July 5, 2022, alleging that the MMR vaccine that S.B. received on July 19, 2019 caused him to suffer from nephrotic syndrome by August 5, 2019. Pet. at 1-4. She filed medical records and affidavits over the next few months.

The Secretary filed his Rule 4(c) report on January 27, 2023, contesting entitlement. The Secretary argued that petitioner had not provided preponderant evidence satisfying any of the Althen prongs between S.B.'s condition and the MMR vaccine. Resp't's Rep. at 10-11. Further, the Secretary noted that petitioner had not submitted an expert report in support of her claim, and that none of S.B.'s treating doctors opined that the vaccines caused his condition. Id. at 11.

On July 20, 2023, petitioner filed an expert report from Dr. Jan Kielstein, a German board-certified nephrologist. Exhibit 14. Dr. Kielstein opined that the MMR vaccine that S.B. received led him to develop nephrotic syndrome. Id. at 13. Dr. Kielstein further opined regarding onset of symptoms and renal disease in relation to vaccination. Id. at 14-15. Dr. Kielstein reported that the underlying cause of nephrotic syndrome remains elusive but suggested that systemic T cell dysfunction results in the production of a glomerular permeability factor. Id. at 13. Dr. Kielstein cited more than 15 articles regarding MMR vaccines. Id. at 19-20.

On November 2, 2023, respondent filed his expert report from Dr. Lawrence Copelovitch. Exhibit A.

On January 4, 2024, petitioner filed a rebuttal expert report from Dr. Kielstein. Exhibit 34. On February 5, 2024, respondent submitted a status report indicating that he did not intend to file a supplemental responsive expert report. On June 6, 2024, the undersigned issued a tentative finding denying entitlement because petitioner had not presented a theory discussing how the MMR vaccine might have triggered the development of de novo nephrotic syndrome and that the underlying cause of minimal change nephrotic syndrome remains unknown.

On October 23, 2024, petitioner submitted an expert report by Dr. S. Sohail Ahmed, a rheumatologist. Exhibit 41. Dr. Ahmed opined that the mechanism most likely to explain the development of nephrotic syndrome in S.B. after receiving the MMR vaccine is molecular mimicry triggering the autoimmune disease of nephrotic syndrome. Id. at 12. On January 27, 2025, respondent

2

submitted an expert report from Dr. Thomas Forsthuber. Exhibit C. On January 30, 2025, the undersigned issued a second tentative finding denying entitlement.

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program ("Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, petitioner filed medical records, affidavits, and expert reports. Nonetheless, petitioner wishes to have her claim dismissed and judgment entered against her. Petitioner filed her dismissal pursuant to 42 U.S.C. § 300aa-21(a)(2). Pet'rs' Mot., filed Mar. 6, 2025 at 1.

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law." For causation-in-fact cases, the Federal Circuit has defined elements of a petitioner's claim. Petitioner bears a burden to show by a preponderance of the evidence that the vaccination brought about S.B.'s injury by providing:

(1) a medical theory causally connecting the vaccination and the injury;
(2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and
(3) a showing of a proximate temporal relationship between vaccination and injury.

Althen v. Sec'y of Health & Hum. Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005).

Petitioner did not propose a medical theory casually connecting the vaccination with the injury with preponderant evidence. Petitioner did not provide sufficient, preponderant evidence demonstrating a logical sequence of cause and effect that the MMR vaccine was the reason for S.B.'s injuries. Petitioner has therefore not met her burden under Althen.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master
